UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAUL PESCE and RAQUEL PESCE
on behalf of themselves and all others similarly situated,

**08 CIV. 5181**

CLASS ACTION COMPLAINT

                         Plaintiff,

   -against-

**JUDGE CONNER**

LACY KATZEN LLP

                         Defendant
------------------------------------------------------------x

      Plaintiff, by and through their undersigned attorney, alleges upon knowledge as to themselves and their own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action on their own behalves and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiffs Paul Pesce and Raquel Pesce (hereinafter "Pesce") are residents of the State of New York, Orange County. On or about February 29, 2008, plaintiffs received an initial debt collection notice from defendant Lacy Katzen LLP.

5. Defendant Lacy Katzen LLP (hereinafter "Lacy Katzen") is a domestic limited liability Corporation engaged in the business of collecting debts. Defendant regularly attempts to collect debts alleged to be due another. It is located at 130 East Main Street, Rochester, New York 14604.

## CLASS ACTION ALLEGATIONS

6. Plaintiffs bring this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of themselves and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Lacy Katzen LLP.

2

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(3), 169e(10), 1692e(12), 1692g(a)(2), 1692g(a)(5) and 1692g(b).

    b. Whether plaintiffs and the Class have been injured by the defendant's conduct;

    c. Whether plaintiffs and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiffs' claims are typical of the claims of the Class, and plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiffs will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about February 29, 2008, defendant did send to the plaintiffs an initial collection letter. Copy of said letter is annexed hereto as **Exhibit A**.

16. The February 29, 2008 collection letter stated that plaintiffs' "unpaid account referred to above has been referred to our office for collection."

17. The letter concerned "Palisades Collection LLC as assignee of Seamans."

18. The Pesce's timely disputed the validity of the debt, disputed that Palisades collection was the assignee of Seamans and demanded both the name and address of the original creditor. **Exhibit B**.

19. Defendant Lacy Katzen LLP responded by providing a statement of account which claimed to identify the original creditor. **Exhibit C**.

20. Defendant employs false representations when attempting to collect debt purportedly purchased by Palisades when it can neither ascertain basic account information nor verify the purchase by Palisades and by stating that Palisades Collection LLC is the assignee of Seamans when its own documents indicate that Palisades is the assignee of EMCC, Inc.

21. Defendant improperly communicated with the consumer concerning a timely disputed debt prior to mailing the consumer the verification records including but not limited to the address of the original creditor.

22. Defendant falsely represented that the consumer account at issue was turned over to innocent purchasers for value.

23. Defendant attempts to collect disputed debt absent attorney review.

24. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

25. Each of the above allegations is incorporated herein.

26. Defendant's debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(3) 1692e(10), 1692e(12), 1692g(a)(2), 1692g(a)(5) and 1692g(b) by falsely and deceptively attempting to collect debts it cannot evidence.

27. As a result of defendant's violations of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages.

d) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: June 5, 2008
      Uniondale, New York

                                          Abraham Kleinman (AK-6300)
                                          KLEINMAN LLC
                                          626 RexCorp Plaza
                                          Uniondale, New York 11556-0165
                                          Telephone (516) 522-2621
                                          Facsimile (888) 522-1692

**Exhibit A**

# LACY KATZEN LLP

**Attorneys at Law**

130 East Main Street, Rochester, NY 14604
Telephone: (585) 324-5775
Fax: (585) 454-4806

February 29, 2008

Paul Pesce
58 Elise Terrace
Middletown NY 10941-3364

Raquel Pesce
58 Elise Terrace
Middletown NY 10941-3364

| | |
|---|---|
| Re: | Palisades Collection LLC as assignee of Seamans |
| Amount Due | $3429.25 |
| File No.: | 200801062.001 |

To the above named:

Your unpaid account referred to above has been referred to our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume it to be valid. If you notify us IN WRITING within 30 days of receiving this notice that the claim or any portion thereof is disputed, we will obtain evidence verifying the debt against you and mail a copy to you. If you so request IN WRITING within 30 days of receiving this notice, we will also provide you with the name and address of the original creditor involved in this claim, if different from the current creditor named above.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

**THIS IS AN ATTEMPT TO COLLECT A DEBT
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

Very truly yours,
LACY KATZEN LLP


COLLECTION DEPARTMENT

Exhibit B

PESCE
58 ELISE TERRACE
MIDDLETOWN, NEW YORK 10941-3364

March 7, 2008

Lacy Katzen LLP
130 East Main Street
Rochester, New York 14604

Re: Palisades Collection LLC as assignee of Seamans
Disputed Amount Due: $3429.25
Your File Number: 200801062.001

Dear Lacy Katzen LLP:

PLEASE BE ADVISED THAT PAUL PESCE AND RAQUEL PESCE DISPUTE THE ASSERTION THAT PALISADES COLLECTION LLC IS THE ASIGNEE OF SEAMANS.

PLEASE SEND PAUL PESCE AND RAQUEL PESCE VERIFICATION THAT PALISADES IS THE ASSIGNEE OF SEAMANS.

PLEASE SEND PAUL PESCE AND RAQUEL PESCE VERIFICATION OF THIS DISPUTED DEBT.

PLEASE SEND PAUL PESCE AND RAQUEL PESCE THE NAME OF THE ORIGINAL CREDITOR.

PLEASE SEND PAUL PESCE AND RAQUEL PESCE ADDRESS OF THE ORIGINAL CREDITOR.

THANK YOU,

_____
PAUL PESCE

_____
RAQUEL PESCE

**Exhibit C**

# LACY KATZEN LLP

**Attorneys at Law**

130 East Main Street, Rochester, NY 14604
Telephone: (585) 324-5775
Fax: (585) 454-4806

May 29, 2008

Paul & Raquel Pesce
58 Elise Terrace
Middletown NY 10941-3364

Re: Palisades Collection, LLC as assignee of Seamans
File No. 200801062.001

Dear Sir & Madam:

    Enclosed please find a statement of account showing account number and name of original creditor. Please review and contact me to discuss a resolution of this matter within the next 14 days.

Very truly yours,
LACY KATZEN LLP

Doreen A. Facciponte
Paralegal

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

200801062.001

# PALISADES COLLECTION, L.L.C.

PESCE, PAUL
PESCE, RAQUEL

58 ELISE TER
MIDDLETOWN, NY 10941

| PALISADES FILE NUMBER |
|---|
| 5562549 |

| NEW BALANCE |
|---|
| $3,429.25 |

IF ADDRESS AS SHOWN ABOVE IS INCORRECT PLEASE INDICATE CHANGE BELOW
NAME _____
ADDRESS _____

| PAYMENT DUE DATE | MINIMUM PAYMENT |
|---|---|
| DUE NOW | $3,429.25 |

PLEASE WRITE IN AMOUNT OF
PAYMENT ENCLOSED   $ _____

PLEASE DETACH AND TOP PORTION WITH YOUR PAYMENT

| ACCOUNT NUMBER | CREDIT LIMIT | CREDIT AVAILABLE | PAST DUE | STATEMENT CLOSING DATE |
|---|---|---|---|---|
| 0589601102843194 | 0 | 0 | $3,429.25 | 03/05/08 |

| DATE | REFERENCE NUMBER | NEW TRANSACTIONS | AMOUNT |
|---|---|---|---|
| 03/05/08 | | Balance Due 11/01/05<br>PALISADES COLLECTION, L.L.C.<br>DELAWARE LIMITED LIABILITY CORP.<br>ASSIGNEE OF EMCC, INC.<br>P.O. BOX 1244<br>ENGLEWOOD CLIFFS, NJ 07632 | $3,429.25 |

| SUMMARY OF TRANSACTIONS | PREVIOUS BALANCE | PAYMENTS AND CREDITS | NEW BALANCE |
|---|---|---|---|
| | $3,429.25 | | $3,429.25 |

PROMPT CREDITING OF PAYMENTS: TO RECEIVE CREDIT FOR PAYMENT AS OF THE DATE OF RECEIPT, WE MUST RECEIVE THE TOP PORTION OF THE STATEMENT AND YOUR CHECK OR MONEY ORDER BY 3:00 P.M. AT:
PALISADES COLLECTION, L.L.C.
P.O. BOX 1244
ENGLEWOOD CLIFFS, NJ 07632
PAYMENTS RECEIVED AT THE ABOVE ADDRESS IN THE MANNER SPECIFIED AFTER THAT TIME WILL BE CREDITED TO YOUR ACCOUNT AS OF OUR NEXT BUSINESS DAY. THE CREDITING TO YOUR ACCOUNT OF PAYMENTS RECEIVED AT ANY LOCATION OTHER THAN THE ABOVE ADDRESS MAY BE DELAYED UP TO 5 DAYS FROM DATE OF RECEIPT.

| PAYMENT DUE DATE | MINIMUM PAYMENT |
|---|---|
| DUE NOW | $3,429.25 |

SEND INQUIRIES TO:
PALISADES COLLECTION, L.L.C.
P.O. BOX 1244
ENGLEWOOD CLIFFS, NJ 07632

TRK File# P177906A
State Code LACY

200801062