UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

PAUL PESCE and RAQUEL PESCE   Docket No.: 08 CV 5181
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

-against-   ANSWER

LACY KATZEN, LLP.,

                Defendant.

------------------------------------------------------x

Defendant, Lacy Katzen, LLP., by and through its attorneys, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., as and for its Answer to plaintiffs' Complaint, sets forth, upon information and belief, as follows:

### IN RESPONSE TO "PRELIMINARY STATEMENT"

1. Denies each and every allegation contained in paragraph "1" of the Complaint and respectfully refers all questions of law to the Court for determination.

### AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"

2. Denies each and every allegation contained in paragraph "2" of the Complaint and respectfully refers all questions of law to the Court for determination.

3. Denies each and every allegation contained in paragraph "3" of the Complaint and respectfully refers all questions of law to the Court for determination.

### IN RESPONSE TO THE "PARTIES"

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the Complaint, except admits

that defendant sent a letter dated February 29, 2008 to plaintiffs and respectfully refers to the letter, which speaks for itself for its contents.

5. Denies each and every allegation contained in paragraph "5" of the Complaint, except admits that defendant is a domestic limited liability corporation engaged in the practice of law including, among other things, the collection of debts due to its clients.

## IN RESPONSE TO "CLASS ACTIONS ALLEGATIONS"

6. Denies each and every allegation contained in paragraph "6" of the Complaint and respectfully refers all questions of law to the Court for determination.

7. Denies each and every allegation contained in paragraph "7" of the Complaint.

8. Denies each and every allegation contained in paragraph "8" of the Complaint.

9. Denies each and every allegation contained in paragraph "9" of the Complaint and respectfully refers all questions of law to the Court for determination.

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the Complaint.

12. Denies each and every allegation contained in paragraph "12" of the Complaint.

13. Denies each and every allegation contained in paragraph "13" of the Complaint.

14.     Denies each and every allegation contained in paragraph "14" of the Complaint.

## IN RESPONSE TO "STATEMENT OF FACTS"

15.     Admits the allegations contained in paragraph "15" of the Complaint.

16.     Denies each and every allegation contained in paragraph "16" of the Complaint, except admits that defendant sent the letter which has been marked as Exhibit "A" to plaintiffs and begs leave to refer to the letter, which speaks for itself, for its contents.

17.     Denies each and every allegation contained in paragraph "17" of the Complaint, except admits that defendant sent the letter, a copy of which has been attached as Exhibit "A" to plaintiffs' Complaint and begs leave to refer to the letter, which speaks for itself, for its contents.

18.     Denies each and every allegation contained in paragraph "18" of the Complaint, except admits that defendant received the letter, a copy of which has been attached as Exhibit "B" to plaintiffs' Complaint and begs leave to refer to the letter, which speaks for itself, for its contents.

19.     Denies each and every allegation contained in paragraph "19" of the Complaint, except admits that defendant sent the letter and enclosure which have been attached as Exhibit "C" to plaintiffs' Complaint and begs leave to refer to those documents, which speak for themselves, for their contents.

20.     Denies each and every allegation contained in paragraph "20" of the Complaint.

21. Denies each and every allegation contained in paragraph "21" of the Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Complaint.

23. Denies each and every allegation contained in paragraph "23" of the Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

### AS AND FOR AN ANSWER TO THE "FIRST CAUSE OF ACTION"

25. Repeats, reiterates and realleges each and every response to paragraphs "1" through "24", inclusive, of the Complaint in answer to paragraph "25" of the Complaint, with the same force and effect as if fully set forth herein.

26. Denies each and every allegation contained in paragraph "26" of the Complaint and respectfully refers all questions of law to the Court for determination.

27. Denies each and every allegation contained in paragraph "27" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. Plaintiffs' Complaint fails to sufficiently state a cause of action against defendant upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. In the event any action of defendant violated 15 U.S. Code § 1692 et seq., (hereinafter the "FDCPA"), which is expressly denied, such violation was based upon a good faith mistake by defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. The letters sent by defendant are not deceptive acts as contemplated by the FDCPA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. The plaintiffs fully understood the content and context of the correspondence they received from defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. The correspondence sent by defendant to plaintiffs, if any, complies with the provisions of the FDCPA.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. The correspondence in question did not overshadow the rights of the notice.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34. The correspondence sent by defendant to plaintiffs was not confusing to the "least sophisticated consumer".

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

35. The members of the putative class are not similarly situated and, as such, the action is not a candidate for class certification.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

36. The requirements of FRCP 23 are not satisfied, and as such, the action is not a candidate for class certification.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

37. Defendant, complied with all validation requests of plaintiffs.

WHEREFORE, the defendant, Lacy Katzen, LLP., demands judgment dismissing the Complaint, together with the costs and disbursements of this action.

Dated: New York, New York
July 9, 2008

                                            ABRAMS, GORELICK, FRIEDMAN &
                                            JACOBSON, P.C.
                                            Attorneys for Defendant
                                            Lacy Katzen, LLP.

                                            By: _____
                                                Michael E. Gorelick (MEG-6026)
                                            One Battery Park Plaza – 4th Floor
                                            New York, New York  10004
                                            (212) 422-1200

TO:    ABRAHAM KLEINMAN, ESQ.
         KLEINMAN, LLC.
         Attorney for Plaintiffs
         626 RexCorp Plaza
         Uniondale, New York 11556-0165
         (526) 522-2621

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Angel DeJesus, being duly sworn, deposes and says:

I am not a party to the within action; I am over 18 years of age; I reside in Bronx, New York.

On July 9, 2008, I served the within Answer upon:

ABRAHAM KLEINMAN, ESQ.
KLEINMAN, LLC.
Attorney for Plaintiffs
626 RexCorp Plaza
Uniondale, New York 11556-0165
(526) 522-2621

at the above address(es) by depositing a true copy of same, enclosed in a properly addressed postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Angel DeJesus

Sworn to before me this
9th day of July, 2008

_____
Notary Public

JSE FORTUNATO
COMMISSIONER OF DEEDS
CITY OF NEW YORK NO. 5-732
CERTIFICATE FILED IN RICHMOND COUNTY
COMMISSION EXPIRES MAY 1, 20 __